IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION

**RECEIVED**

**OCT 0 3 2023**

**U.S. DISTRICT COURT**
**DISTRICT OF R.I.**

| | |
|---|---|
| JOHN ANTHONY CASTRO )<br>12 Park Place, Mansfield, TX 76063 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No. _____<br>SECRETARY OF STATE GREGG AMORE )<br>148 West River Street, Providence, RI 02904 )<br>)<br>DONALD JOHN TRUMP )<br>1100 S. Ocean Blvd, Palm Beach, FL 33480 )<br>)<br>Defendants. ) | |

### MOTION BY PRO SE LITIGANT TO OBTAIN ELECTRONIC CASE FILING RIGHTS

Fed. R. Civ. P. 5(d)(3)(B) states that pro se litigants can electronically if "allowed by Court order," but the rule also states that courts can mandatorily require electronic filing "by court order" as long as there are "reasonable exceptions." In other words, district courts can mandatorily require *everyone* to e-file with exceptions for the technologically handicapped or permit e-filing on a *case-by-case basis*.

The intent of this rule was to facilitate a transition to modern electronic filing. We live in the 21st century where everything is run by computers.

Plaintiff has a deep understanding of and ability to properly electronically file. In order to deny electronic filing, the Court must show why electronic filing should not be permitted specifically with regard to Plaintiff.

The Federal Rules of Civil Procedure do not permit a blanket prohibition against *pro se* electronic filing, and any Court that adopts such an interpretation of the rule is doing so contrary to the clear and unambiguous intent of the rule.

More importantly, any blanket prohibition would substantially impair Plaintiff's ability to effectively and efficiently manage this case. As such, it would abridge Plaintiff's First Amendment right to efficiently petition the federal judiciary to redress his grievances by substantially impairing his ability to timely and effectively file documents in this time-sensitive case of national and historical importance.

Furthermore, the inconsistency among the several district courts with regard to standards on granting electron filing rights violates equal protection under the 5th Amendment. The U.S. Supreme Court has held that the "[e]qual protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment." *Buckley v. Valeo*, 424 U.S. 1, 93 (1976); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975); *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 214–18 (1995). As such, any Court's blanket prohibition against well-qualified, *pro se* litigants being unable to electronically and efficiently petition the federal judiciary to redress their grievances would constitute a flagrant violation of both 5th Amendment Equal Protection and First Amendment Petition Rights since other federal courts afford such a privilege on a case-by-case basis.

It is Plaintiff's position that the manner by which manner many district courts have interpreted Rule 5 is unconstitutional as applied to Plaintiff pursuant to the 1st and 5th Amendments to the United States Constitution. Moreover, it is contrary to the intent of the rule to transition away from archaic paper-filing favored only by the technologically handicapped in our modern society.

The Federal Rules of Civil Procedure and United States Constitution are clear on this: Plaintiff is entitled to be heard on the specifics of why electronic filing is absolutely required in this case and any Court's outright blanket prohibition and refusal to even entertain the basis for this request would unconstitutionally deprive Plaintiff of his right to an opportunity to be heard. As such, mandamus relief would be in order.

Plaintiff files this comprehensive motion in order to expedite the perfection of mandamus relief by the U.S. Court of Appeals for this circuit.

### REQUESTED RELIEF

As Plaintiff in the above-captioned matter, I, John Anthony Castro, respectfully request permission from this Honorable Court to participate in electronic case filing (e-filing) in this case. I hereby affirm that:

1. I have reviewed the requirements for e-filing and agree to abide by them.
2. I understand that once I register, I will receive notices and documents only by e-mail in this case and not by regular mail.
3. I have access to the technical requirements necessary to e-file successfully:
   a. A computer with internet access;
   b. An e-mail account that can receive notifications from the Court and notices from the e-filing system on a daily basis;
   c. A scanner to covert documents that are only in paper format into electronic files;
   d. A printer or copier to create required paper copies such as copies for chambers;

    e. A pdf reader and a pdf writer to convert word processing documents into pdf format, the only electronic format in which documents may be filed; and

    f. A PACER account.

4. I understand that documents filed electronically shall conform substantially to the requirements of the Local Rules and to the format of the ECF system set out in the mist current edition of the ECF Policies and Procedures Manual issued by the Clerk.

5. I understand that permission to file electronically may be revoked at any time.

Dated: September 29, 2023.  By:  Respectfully submitted,

/s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX 76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

On September 29, 2023, I submitted the foregoing document with the Clerk of this Court. It is further certified that all other parties are CM/ECF users and that service of this motion will be made upon them via CM/ECF.

/s/ *John Anthony Castro*
John Anthony Castro