**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION**

JOHN ANTHONY CASTRO                      )
12 Park Place, Mansfield, TX 76063       )
                                         )
     Plaintiff,                          )
                                         )
*v.*                                     )
                                         )     Case No. 1:23-cv-00405
SECRETARY OF STATE GREGG AMORE           )
148 West River Street, Providence, RI 02904 )
                                         )
DONALD JOHN TRUMP                        )
1100 S. Ocean Blvd, Palm Beach, FL 33480 )
                                         )
     Defendants.                         )

**VERIFIED RESPONSE IN OPPOSITION TO
DEFENDANT DONALD JOHN TRUMP'S MOTION TO DISMISS**

       Plaintiff John Anthony Castro, *pro se*, files this response in opposition to Defendant Donald

John Trump's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a

Claim Upon Which Relief Can Be Granted.

**COURT HAS SUBJECT MATTER JURISDICTION**

       The U.S. Constitution explains that the "judicial Power of the United States, shall be vested

in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain

and establish."[1]   More specifically, the "judicial Power shall extend to all Cases, in Law and

Equity, arising under this Constitution."[2]   This was codified at 28 U.S.C. § 1331: "The district

courts shall have original jurisdiction of all civil actions arising under the Constitution."   In this

---

[1] U.S. Const. art. III, § 1.
[2] U.S. Const. art. III, § 2, cl. 1.

case, there is a controversy between two candidates that arises under the Constitution. Jurisdiction could not possibly be more clear.

<u>POLITICAL QUESTION DOCTRINE</u>

Nothing from the U.S. Supreme Court holding of *Massachusetts v. EPA*, which analyzed the *Political Question Doctrine*, is applicable. Defendant Donald John Trump fails to show a textually demonstrable constitutional commitment of this issue to the Legislative or Executive Branch. Plaintiff has shown in his Verified Complaint that there are judicially discoverable and manageable standards for resolving it. Did the President provide aid or comfort to the insurrectionists that violently attacked our United States Capitol? If the preponderance of the evidence suggests he did, he is not constitutionally qualified to pursue the holding of office. Defendant Donald John Trump fails to show how this would involve a policy determination. Defendant Donald John Trump fails to show how this involves a political decision already made. Defendant Donald John Trump fails to show how this could result in multifarious pronouncements by various departments. As such, not a single of the six grounds for invoking the Political Question Doctrine apply.

The *Political Question Doctrine* does not apply. Defendant Donald John Trump is banking on the Court believing that any case involving a question of politics implicates the *Political Question Doctrine*, but such a frivolous legal position is sanctionable at worst and laughable at best.

Defendant Donald John Trump claims that this Court does not have subject matter jurisdiction over a question arising under the Constitution because its political in nature. Such a play on semantics while ignoring the actual meaning and substance of the *Political Question Doctrine* borders on sanctionable frivolity.

2

Put plainly, Courts have held that the political question doctrine does not apply until *after* the major political parties hold their conventions and formally select a nominee; more specifically, after the states have accepted the nomination paperwork from the major parties for placement on the general election ballot.[3]  For the Republican Party, that would be July 15, 2024.

Defendant Donald John Trump's motion stated that the "Constitution commits to Congress and the Electoral College exclusive power to determine presidential qualifications."  Article II, Section 1, of the U.S. Constitution simply states that state legislatures must "appoint…. a Number of Electors… [who] shall meet in their respective States…vote…. Make a List of all the Persons voted for… and transmit… to the President of the Senate… [who will] open all the Certificates, and the Votes shall then be counted."  It is simply *ministerial* in nature.  In fact, Congress revised the Electoral College Act to limit objections only on the basis that either electors were not lawfully certified or that the vote count by the Electoral College was irregular.[4]  Defendant Donald John Trump knows that Congress made this change and is still pushing this bogus legal theory that the Electoral College can circumvent the will of the people.  This Honorable Court cannot and must not allow this boldface mischaracterization of our sacred U.S. Constitution to go unpunished.  This Court has the power to impose sanctions *sua sponte* on Counsel for Defendant Donald John Trump pursuant to Fed. R. Civ. P. 11(c)(3).

According to Defendant Donald John Trump's interpretation of the Constitution, the Republican Party could nominate Vladimir Putin and there is absolutely nothing the federal

---

[3] As will be analyzed further in this filing, all of the cases cited by Defendant Donald John Trump were dismissed for lack of standing.  References to the Political Question Doctrine were made in unanalyzed *dicta*.  Nevertheless, Plaintiff researched why so many judges would presume, without analysis, that the Political Question Doctrine applies.  Ultimately, Plaintiff realized that the "political decision already made" that the Courts were referring to was the decision by the electorate to nominate a particular individual.  In effect, the Courts were viewing "the People" as a political branch that made a decision that the Courts should defer to.  Nevertheless, amendments to the Electoral College Act, which will be discussed in more detail as you continue reading, have mooted this idea.
[4] *See* 3 U.S.C. § 15(d)(2)(B)(ii)(I)-(II).

judiciary could do to stop it. If it sounds ridiculous, please recall that this is Defendant Donald John Trump's interpretation of the law; a thrice-indicted federal and state criminal defendant that has led more attorneys to be disciplined for outlandish legal arguments than the American Mafia. Nevertheless, Plaintiff will address each one of Defendant Donald John Trump's citations to dispel this myth that Courts have no jurisdiction to redress a political competitive injury by determining an individual's qualifications and enforcing the qualification provisions outlined in our sacred United States Constitution.

Defendant Donald John Trump cites *Berg v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions because the Court mentioned what it "seemed" like in *dicta*.[5] However, *Berg v. Obama* was initiated on August 21, 2008, which was four (4) days before the Democratic National Convention wherein Barack Obama was formally nominated to be the Democratic Nominee for the Presidency of the United States. Moreover, the case was not decided until October 24, 2008, which was only twelve (12) days before the general election. In most states, early voting had already started. As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Berg v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Robinson v. Bowen* for the proposition that Presidential qualifications are nonjusticiable political questions because a district court mentioned the Electoral College Act in *dicta*.[6] First, Congress has revised the Electoral College Act to limit objections only on the basis that either electors were not lawfully certified or that the vote count

---

[5] 586 F.3d 234, 238 (3d Cir. 2009).
[6] 567 F. Supp. 2d 1144 (N.D. Cal. 2008).

was irregular, so the *dicta* of that district court is not even applicable anymore.[7]  Defendant Donald John Trump clearly lacks even the most basic elementary understanding of the Electoral College Act and its recent amendments.  Second and more importantly, this case was filed 22 days before the Republican National Convention wherein John McCain was formally nominated to be the Republican Nominee for the Presidency of the United States.  Moreover, the case was not decided until September 16, 2008, which was only fifty (50) days before the general election.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Robinson v. Bowen* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Grinols v. Electoral College* for the proposition that Presidential qualifications are nonjusticiable political questions.[8]  First, this case was initiated on December 12, 2012, after the general election.  Second, it applied to the sitting President.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Grinols v. Electoral College* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Kerchner v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions.[9]  First, this case was initiated on the afternoon of January 20, 2009, after the general election and after Barack Obama had been inaugurated as President of the United States.  Hence and second, it applied to the sitting President.

---

[7] *See* 3 U.S.C. § 15(d)(2)(B)(ii)(I)-(II).
[8] *See* No. 2:12-CV-02997-MCE, 2013 WL 2294885 (E.D. Cal. May 23, 2013), aff'd, 622 F. App'x 624 (9th Cir. 2015).
[9] *See* 669 F. Supp. 2d 477 (D.N.J. 2009), aff'd, 612 F.3d 204 (3d Cir. 2010).

As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Kerchner v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Taitz v. Democrat Party of Mississippi* for the proposition that Presidential qualifications are nonjusticiable political questions.[10] First, this case was a frivolous civil action accusing Barack Obama and Nancy Pelosi of a "conspiracy violating the federal Racketeer Influenced and Corrupt Organizations Act."[11] Defendant Donald John Trump filed a similar RICO civil action against Hillary Clinton that resulted in a $50,000 sanction on Defendant Donald John Trump's attorney in that case. Plaintiff need not give this unreported case any more attention than it deserves. As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Taitz v. Democrat Party of Mississippi* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then gets desperate and starts to cite state cases. The first state case is *Strunk v. New York State Bd. of Elections*, which the Court, in its official ruling, described as a "movie script" that should be called "The Manchurian Candidate Meets The Da Vinci Code" and then went on to ridicule the plaintiff's complaint as "a rambling, forty-five page variation on 'birther' cases."[12] Because the U.S. Constitution, Article 1, Section 4, states that the "Times, Places and Manner of holding Elections for ***Senators and Representatives*** [no reference

---

[10] *See* No. 3:12-CV-280-HTW-LRA, 2015 WL 11017373 (S.D. Miss. Mar. 31, 2015).
[11] *Id.* at *1.
[12] 950 N.Y.S.2d 722 (Sup. Ct. 2012), *order aff'd*, 5 N.Y.S.3d 483 (2015)

to Presidential elections], shall be prescribed in each State by the Legislature thereof," the Court was partially correct in holding that if "a state court were to involve itself in the eligibility of a candidate to hold the office of President… it may involve itself in national political matters for which it is institutionally ill-suited."[13]  However, the Court's references to the Electoral College were wrong, and, as mentioned before, the changes to the Electoral College Act no longer allow for objections based on qualifications, so even the mere inapplicable *dicta* in this case has been superseded and rendered obsolete by statute.  On the merits, *Strunk v. New York State Bd. of Elections* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites the California state case of *Keyes v. Bowen*; a case initiated on November 13, 2008, after the general election.[14]  Moreover, an amended complaint was filed after the Electoral College certified the results (at that time permitting objections based on qualifications) and then-President Barack Obama had already been inaugurated, so it applied to a sitting President.  As Plaintiff explained earlier, the political question doctrine does not apply until ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Keyes v. Bowen* was dismissed for mootness; all else means *dicta*.

Defendant Donald John Trump then cites the Washington state case of *Jordan v. Secretary of State Sam Reed*; a case initiated on August 29, 2012, twenty-seven days before the Democratic National Convention.[15]  This case was dismissed because the Court found that an "analysis of *Indispensible Party* under CR 19 leads only to the conclusion that this case must be dismissed because plaintiff has failed to join President Obama as a party."[16]  On the merits, *Jordan v.*

---

[13] *Id*.
[14] *See* 189 Cal. App. 4th 647 (2010).
[15] *See* No. 12-2-01763-5, 2012 WL 4739216, at *1 (Wash.Super. Aug. 29, 2012)
[16] *Id*.

*Secretary of State Sam Reed* was dismissed for failing to include an indispensable party; all else means *dicta*. The ability to object to electoral college votes based on qualifications is no longer permitted, so any reference to that is superseded by statutory amendments to the Electoral College Act.

### CONSTITUTIONAL QUALIFICATIONS ARE SELF-EXECUTING

Defendant Donald John Trump then argues that no one has the authority to enforce any of the U.S. Constitution's qualifications to hold the Presidency of the United States because Congress has created no cause of action. Plaintiff thoroughly analyzed this issue in his Verified Complaint and incorporates the entirety of the Verified Complaint herein by reference.

The 1870 Enforcement Act was created to grant individuals that otherwise did not have a direct injury with standing to remove public officials holding office in violation of Section 3 of the 14th Amendment. If an individual does not otherwise have an injury traceable to a defendant that is redressable by a Court, then they need Congress to grant them authority to bring the cause of action. This has no bearing on Plaintiff who has a concrete and particularized political competitive injury. Plaintiff, in a Verified Complaint, explained that hundreds of voters have said they would support him but for Defendant Donald John Trump being a candidate. Plaintiff has made clear that the source of the competitive injury is the unconstitutional candidacy of Defendant Donald John Trump. For purposes of a motion to dismiss, all allegations must be accepted as true. Period. If Defendant Donald John Trump wants to disprove a fact or show that the injury is from another source, he must do so at trial.

Defendant Donald John Trump then tries to distinguish a general election from a primary election even though both involve state action; state action of possibly placing a constitutionally

ineligible candidate on the ballot.  State action contrary to the U.S. Constitution.  Unconstitutional state action subject to injunction.  More frivolity by Defendant Donald John Trump.

Plaintiff John Anthony Castro is a Republican Primary Write-In Candidate in the State of Rhode Island, which does not require any filing.[17]  As such, Plaintiff has standing to bring this civil action.

### PLAINTIFF'S COMPLAINT IS RIPE

Defendant Donald John Trump then splits hairs in arguing that Section 3 of the 14th Amendment only prevents him from holding office; hence, he should be allowed to campaign in pursuit of the office he is constitutionally barred from holding.  Courts need not wait for an injury to happen.  Courts are permitted to stop an injury before it happens when the intent of a defendant is to violate the U.S. Constitution.  Defendant Donald John Trump has made it abundantly clear he intends to reclaim the White House and jail his political opponents.[18]  The Court need not wait for the constitutional violation to occur when Defendant Donald John Trump has clearly stated his intent to violate it.  This is not the same as residency that can be changed before one assumes office.

### PLAINTIFF HAS STATED A CLAIM

This is a civil action that encompasses a controversy between two candidates for the Republican nomination for the Presidency of the United States that arises under the Constitution. The law is clear: Plaintiff has stated a claim.  Plaintiff is being politically injured.  The Court can

---

[17] Rhode Island is 1 of only 8 states that do not require write-in candidates to formally file paperwork with the state's election authorities.

[18] On August 29, 2023, in a televised interview, Glenn Beck asked Defendant Donald John Trump "Do you regret not locking [Hillary Clinton] up? And if you're president again, will you lock people up?"  Defendant Donald John Trump replied "The answer is you have no choice, because they're doing it to us."

remedy this injury by interpreting the U.S. Constitution and enjoining state action that would conflict with its interpretation.  It's that simple.

Section 3 of the 14th Amendment applies to anyone who provides aid or comfort to an insurrection and applies to the President of the United States as explained in Plaintiff's Verified Complaint.  Plaintiff has stated each act that constituted aid and comfort to the insurrection on January 6, 2021.

Defendant Donald John Trump conflates treason, which involves aiding a foreign enemy, with insurrection or rebellion, which involves aiding or comforting a domestic enemy.

### REQUESTED RELIEF

Plaintiff requests that this Court deny Defendant Donald John Trump's Motion to Dismiss.

Dated: October 26, 2023.                   Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff *Pro Se***

10

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on October 26, 2023.

/s/ John Anthony Castro
John Anthony Castro

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed with the Court on October 26, 2023.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

/s/ John Anthony Castro
John Anthony Castro