IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
PROVIDENCE DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO ) <br> 12 Park Place, Mansfield, TX 76063 ) <br> ) <br> Plaintiff, ) <br> ) <br> *v*. ) <br> ) Case No. 1:23-cv-00405 <br> SECRETARY OF STATE GREGG AMORE ) <br> 148 West River Street, Providence, RI 02904 ) <br> ) <br> DONALD JOHN TRUMP ) <br> 1100 S. Ocean Blvd, Palm Beach, FL 33480 ) <br> ) <br> Defendants. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff John Anthony Castro, *pro se*, provides this notice of supplemental authority with regard to *Appellant's Opening Brief* filed with the United States Court of Appeals for the First Circuit in *Castro v. Scanlan, et al*, No. 23-1902 (1st Cir. docketed Oct. 30, 2023).

The U.S. District Court for the District of New Hampshire heavily relied on incorrect factual grounds that were mooted the day it issued the opinion.  Plaintiff has now demonstrated active campaigning in New Hampshire even though that is irrelevant to the standing analysis since Plaintiff incurred financial injuries in the form of the New Hampshire filing fee and travel costs associated therewith.  Plaintiff has now shown grassroots campaign activities in New Hampshire as well as here in in this state.

Moreover, the New Hampshire court improperly applied the *Political Question Doctrine*. First, the judge failed to comprehend that the *Political Question Doctrine* is an affirmative defense to jurisdiction that must be proven by Defendant Donald John Trump.  Instead, the judge held that it was being applied because Plaintiff failed to prove its inapplicability, which was a mistake of

1

law.  Second, the judge's only basis for applying the Political Question Doctrine was that the U.S. Constitution and Electoral Count Act reserved determination of constitutional qualifications to the Electoral College.  However, this is incorrect because the Primary Election is a contest for votes and political support that may translate to delegates needed to secure the nomination of a political party that is wholly unrelated to the general election's contest for electors that ultimately convene as the Electoral College, which is governed by the U.S. Constitution.  In other words, the judge conflated the governing law over general elections with the primary election, which is governed by neither the U.S. Constitution nor the Electoral Count Act.

*Appellant's Opening Brief* filed with the U.S. Court of Appeals for the First Circuit in *Castro v. Scanlan, et al*, No. 23-1902 (1st Cir. docketed Oct. 30, 2023) is attached.

Dated: November 1, 2023.

Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on November 1, 2023.

/s/ John Anthony Castro
John Anthony Castro

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed with the Court on November 1, 2023.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

*/s/ John Anthony Castro*
John Anthony Castro
