

November 8, 2023

OFFICE OF
APPELLATE COURTS

STATE OF MINNESOTA

IN SUPREME COURT

A23-1354

Joan Growe, et al.,

    Petitioners,

vs.

Steve Simon, Minnesota Secretary of State,

    Respondent.

O R D E R

On September 12, 2023, petitioners filed a petition pursuant to Minnesota Statutes section 204B.44 (2022) asking, in part, for an order declaring that Donald J. Trump, who served as President of the United States and has filed federal paperwork as a candidate for President in the 2024 election, is disqualified from holding the office of President of the United States pursuant to Section 3 of the Fourteenth Amendment to the United States Constitution; and directing the Secretary of State to exclude Donald J. Trump from the ballot for the March 5, 2024, presidential nomination primary and from the ballot for the November 5, 2024, general election as a candidate for the office of President of the United States. Absentee voting for the presidential nomination primary will begin January 19, 2024. *See* Minn. Stat. § 204B.35, subd. 4 (2022); *see also* Minn. Stat. § 204B.45, subd. 2 (2022).

Before considering petitioners' request to pursue discovery and hold an evidentiary hearing, we determined first to address threshold and potentially dispositive legal issues of justiciability and the legal construction of Section 3 of the Fourteenth Amendment to the United States Constitution. We directed petitioners, the Secretary of State, the Republican Party of Minnesota, and former President Trump to file briefs addressing these issues and held a hearing on November 2, 2023.

We conclude that petitioners have standing and that their claims are ripe as to the issue of whether former President Trump should be excluded from the 2024 Republican presidential nomination primary. We reach a different conclusion regarding petitioners' claim that it would be error for the Secretary of State to place former President Trump's name on the ballot for the 2024 general election ballot. That claim is neither ripe, nor is it "about to occur" as section 204B.44(a) requires.

With respect to the only ripe issue before us at this time, we conclude that under section 204B.44, there is no "error" to correct here as to the presidential primary election if former President Trump's name is included on the presidential primary ballot after the Chair of the Republican Party of Minnesota provides his name to the Secretary of State, notwithstanding petitioners' claim that former President Trump is disqualified from holding office under Section 3 of the Fourteenth Amendment. The Legislature enacted the presidential nomination primary process to allow major political parties to select delegates to the national conventions of those parties; at those conventions the selected delegates will cast votes along with delegates from all of the other states and territories and choose a presidential candidate who will subsequently appear on general election ballots. *See* Minn.

Stat. § 207A.11(d) (2022) (explaining that the presidential nomination primary "only applies to a major political party that selects delegates at the presidential nomination primary to send to a national convention"). This is "a process that allows political parties to obtain voter input in advance of a nomination decision made at a national convention." *De La Fuente v. Simon*, 940 N.W.2d 477, 492 (Minn. 2020). Thus, although the Secretary of State and other election officials administer the mechanics of the election, this is an internal party election to serve internal party purposes, and winning the presidential nomination primary does not place the person on the general election ballot as a candidate for President of the United States. As we explained in *De La Fuente*, in upholding the constitutionality of this statutory scheme for the presidential nomination primary, "[t]he road for any candidate's access to the ballot for Minnesota's presidential nomination primary runs only through the participating political parties, who alone determine which candidates will be on the party's ballot." 940 N.W.2d at 494–95. And there is no state statute that prohibits a major political party from placing on the presidential nomination primary ballot, or sending delegates to the national convention supporting, a candidate who is ineligible to hold office.

Because there is no error to correct here as to the presidential nomination primary, and petitioners' other claims regarding the general election are not ripe, the petition must be dismissed, but without prejudice as to petitioners bringing a petition raising their claims as to the general election.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The petition is dismissed, but without prejudice as to the general election.

2.    So as not to impair the orderly election process, this order is issued with an opinion to follow.

Dated:  November 8, 2023        BY THE COURT:

*Natalie E. Hudson*

Natalie E. Hudson
Chief Justice


CHUTICH, PROCACCINI, JJ., took no part in the consideration or decision of this case.