# STATE OF MICHIGAN

# COURT OF CLAIMS

| | |
|---|---|
| ROBERT DAVIS, | **OPINION AND ORDER** |
| Plaintiff, | |
| v | Case No. 23-000128-MB |
| JOCELYN BENSON, in her official capacity, as the duly elected Secretary of State, JULIE DALE, in her official capacity as Assistant General Counsel of Third Judicial Circuit Court of Michigan, and RICHARD LYNCH, in his official capacity as General Counsel of Third Judicial Circuit Court of Michigan, | Hon. James Robert Redford |
| Defendants. | |

OPINION AND ORDER DENYING IN PART PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF AND FOR A WRIT OF MANDAMUS, GRANTING THE SECRETARY OF STATE'S MOTION FOR SUMMARY DISPOSITION ON COUNTS I, II, AND VI IN PLAINTIFF'S AMENDED COMPLAINT UNDER MCR 2.116(C)(8), AND HOLDING NEW COUNTS V, VII, and VIII IN ABEYANCE

In this matter, 23-000128-MB, plaintiff filed an initial complaint as well as an emergency motion for declaratory judgment, a writ of mandamus, and an order to show cause on September 15, 2023, requesting that the Court:

1. Declare that the Secretary of State cannot enforce the current version of MCL 168.613a, which was recently amended by 2023 PA 2, and issue an order of mandamus directing the Secretary to comply with the preamendment version of the statute;

2. Issue a writ of mandamus compelling the Secretary of State to promulgate rules pursuant to MCL 168.759a(17) regarding the electronic return of voted ballots by overseas military voters; and,

-1-

3. Declare that the Secretary of State has a clear legal duty under Mich Const 1963, art 11, § 1 and MCL 24.263 to decide the merits and issue a decision on plaintiff's August 28, 2023 request for declaratory ruling with respect to the question whether Donald J. Trump is precluded from running for office or being placed on the Michigan presidential primary ballot of 2024 on the ground that he is prohibited from doing so under the proscriptions of Section 3 of the Fourteenth Amendment of the United States Constitution.[1]

The Secretary has responded and has moved for partial summary disposition under MCR 2.116(C)(8) and (10) regarding Counts I, II, V, and VI of the initial complaint. She has also requested that the Court resolve plaintiff's emergency motion for declaratory judgment and mandamus relief consistent with the Secretary's arguments. As such, the Court will also resolve plaintiff's requests for declaratory relief and mandamus in Count's III and IV of his amended complaint. The Court will address the counts for which the Secretary has requested summary disposition first.[2]

For the reasons which will be set forth below the Court concludes:

1. Because the 2023 session of the Michigan Legislature has ended at 12:00 p.m. on November 14, 2023, plaintiff's requests in Count I and Count II of his complaint are now MOOT.

2. Contrary to plaintiff's arguments, the Secretary of State has begun to promulgate rules pursuant to MCL 168.759a(17) regarding the electronic return of voted ballots by overseas military voters. Thus, the claim that the Secretary has failed to act is not ripe because there is no present controversy, such that mandamus is not an available remedy at this time.

---

[1] Plaintiff filed an amended complaint on October 23, 2023. Counts I, II, III, IV, and VI remain the same. Because plaintiff has abandoned Count V of his initial complaint, the Court GRANTS the Secretary's concurrent request for summary disposition with respect to this count under MCR 2.116(C)(8) as MOOT. As discussed in the Court's prior scheduling order, the instant opinion does not resolve the claims raised in Counts V, VII, and VIII of the amended complaint.

[2] The Court again thanks and acknowledges the parties', proposed intervenor's, and all amicus curiae filers' thoughtful and comprehensive submissions received by the Court.

3. Michigan's Constitution of 1963, art 2, § 4 and MCL 168.614a and 168.615a prescribe the manner a person may have their name placed on the Michigan presidential primary ballot and in so doing direct the actions the Secretary of State shall take, such that the Secretary has neither the affirmative duty nor the authority to separately decide whether Donald J. Trump will be placed on the Michigan primary ballot on the grounds that he is disqualified under Section 3 of the Fourteenth Amendment of the United States Constitution.[3]

## I. STANDARD OF REVIEW

Summary disposition is proper under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted. *Henry v Dow Chem Co*, 473 Mich 63, 71; 701 NW2d 684 (2005) "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and allows consideration of only the pleadings." *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). "For purposes of reviewing a motion for summary disposition under MCR 2.116(C)(8), all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). A motion under MCR 2.116(C)(8) may only be granted "where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Adair v Michigan*, 470 Mich 105, 119; 680 NW2d 386 (2004) (quotation marks and citation omitted).

---

[3] The Court notes there are three cases that seek relief related to the 2024 Michigan presidential primary election: *Davis v Benson et al.*, 23-000128-MB, *LaBrant et al. v Benson*, 23-000137-MZ, and *Trump v Benson*, 23-000151-MZ. Because the cases are not consolidated and to facilitate immediate and individual appellate review of each opinion and order if desired by a litigant, while the Court may discuss some aspects of other cases in each opinion and order, the Court will seek to set forth the entire basis of the Court's rulings in each individual opinion and order, recognizing that there will be some redundancy in the respective cases.

MCR 2.605, which affords the Court the power to enter a declaratory judgment, "incorporates the doctrines of standing, ripeness, and mootness." *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012). MCL 2.605(A)(1) provides "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." To obtain declaratory relief, a plaintiff must show that he is an interested party and allege a "case of actual controversy" within the jurisdiction of the court. "An actual controversy exists when a declaratory judgment is needed to guide a party's future conduct in order to preserve that party's legal rights." *League of Women Voters of Mich v Sec'y of State*, 506 Mich 561, 586; 957 NW2d 731 (2020). A court "is not precluded from reaching issues before actual injuries or losses have occurred," but there still must be "a present legal controversy, not one that is merely hypothetical or anticipated in the future." *Id.* The bar for standing is lowered in cases concerning election laws, but even in election cases, a party may not bring a declaratory-judgment action on the basis that the issue "*might* affect his or her interests in the future" or because "they only want instruction going forward." *Id.* at 587-588 (emphasis added). In addition, in determining whether a present controversy exists, "[a] claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or may not occur at all." *Citizens Protecting Michigan's Constitution v Sec'y of State*, 280 Mich App 273, 282; 761 NW2d 210 (2008). See also *Thomas v Union Carbide Agricultural Prod Co*, 473 US 568, 580-581; 105 S Ct 3325; 87 L Ed 2d 409 (1985).

Respecting plaintiff's concurrent request for mandamus, "mandamus is the proper remedy for a party seeking to compel election officials to carry out their duties." *Citizens Protecting*

-4-

*Michigan's Constitution v Sec'y of State*, 324 Mich App 561, 583; 922 NW2d 404 (2018), aff'd 503 Mich 42 (2018). "To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014). "A clear legal right is a right clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Attorney General v Bd Of State Canvassers*, 318 Mich App 242, 249; 896 NW2d 485 (2016) (quotation marks and citation omitted). "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013) (quotation marks and citation omitted); See also *Berry v Garrett*, 316 Mich App 37, 42; 890 NW2d 882 (2016). Accordingly, a writ of mandamus is generally inappropriate if the act sought to be performed involves judgment or the exercise of discretion. *Hanlin v Saugatuck Twp*, 299 Mich App 233, 248; 829 NW2d 335 (2013).[4] The plaintiff has the

---

[4] The Court recognizes that our Supreme Court in *Teasel v Dep't of Mental Health*, 419 Mich 390; 355 NW2d 75 (1984), provided that "the writ will lie to require a body or an officer charged with a duty to take action in the matter, notwithstanding the fact that the execution of that duty may involve some measure of discretion." *Id.* at 410. However, the Court also affirmed that the writ "will not lie for the purpose of reviewing, revising, or controlling the exercise of discretion reposed in administrative bodies" and clarified that "[s]tated otherwise, mandamus will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner." *Id.* The Court further explained:

> The [mandamus] power [of the judiciary] is not one to create a duty where none existed before or to mandate action where the decision whether to act is discretionary. Rather, the power is the constitutional power of a circuit court to

burden of demonstrating entitlement "to the extraordinary remedy of a writ of mandamus." *Citizens Protecting Michigan's Constitution*, 324 Mich App at 584. For purposes of resolving plaintiff's request in Count II, plaintiff must also demonstrate that the request for mandamus is ripe. See *Coates v Attorney General*, 120 Mich App 816, 827; 328 NW2d 113 (1982), mod 126 Mich App 370; 337 NW2d 343 (1983) (holding that issuance of mandamus would be premature against an official who has not yet refused to perform their duty.) See also *Davis v Indep Citizens Redistricting Comm*, 508 Mich 935; 963 NW2d 600 (2021) (Zahra, J. (concurring)).

## II. ANALYSIS

### A. COUNTS I AND II

In Counts I and II, plaintiff seeks declaratory and mandamus relief to essentially compel the Secretary of State to conduct the 2024 presidential primary election on March 12, 2024, rather than on February 27, 2024, as required by the current version of MCL 168.613a(1), which was recently amended by 2023 PA 2. However, in light of the fact that the Legislature has ended its 2023 session on November 14, 2023, at 12:00 p.m., plaintiff's claims for relief are MOOT.

---

> direct, upon the complaint of an aggrieved party, that a duty imposed by law upon the executive department of government to make a decision according to legislatively established criteria be carried out. Were it otherwise, our citizens would be powerless to compel their public servants to conduct the business of government—to make a decision, whether good or bad, but some decision, based upon the legislatively established criteria where the duty to *make* a decision is clear. [*Id.* at 412.]

In other words, while an agency may not wholly avoid compliance with a statutory mandate on the ground that it retains some discretion as to the particular method of compliance, the court will not impose a mandatory duty where none exists under the relevant statute, and mandamus will not lie to compel the agency to use its judgment or discretion to act in a particular manner. Such an exercise of judgment or discretion is not "ministerial."

-6-

2023 PA 2 was passed on February 1, 2023. It did not, however, garner the two-thirds vote of each House necessary to be given immediate effect under Const 1963, art 4, § 27. As such, it will not take effect "until the expiration of 90 days from the end of the session at which it was passed". *Id.* In his previously filed pleadings, plaintiff maintained that according to the then-current legislative calendar, the session was not scheduled to end until December 14, 2023, or December 21, 2023. However, plaintiff has presented nothing to support a claim that the Legislature may not choose a different end date, which it has now done, such that the current version of MCL 168.613a(1) will take effect before February 27, 2024. Under the existing statute, MCL 168.613a, the date of the presidential primary continues to be March 12, 2024. However, as the Secretary was aware, at the time it was passed, it was possible that 2023 PA 2 might become effective and change the date to February 27, 2024. As such, the Secretary issued an "Election Calendar of Dates" and a pamphlet, "Ballot Access Information for Presidential Candidates Seeking Office in 2024," both of which clearly indicated the possibility that the current version of MCL 168.613a would remain in effect, but was also designed to prepare county clerks and others to comply with the earlier election date.

Because the Legislature voted to end the 2023 legislative session on November 14, 2023, and has adjourned *sine die*, Const 1963, art 4, § 27 will now apply.

This section provides:

> No act shall take effect until the expiration of 90 days from the end of the session at which it was passed, but the legislature may give immediate effect to acts by a two-thirds vote of the members elected to and serving in each house.

As a result, the changes indicated will become effective on February 13, 2024. Thus, the primary date will now be February 27, 2024. Plaintiff's argument that the Secretary's actions in

disseminating the calendar and information pamphlets were unlawful are now MOOT. "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Accordingly, because this issue is MOOT, the Court GRANTS summary disposition to the Secretary of State with respect to plaintiff's request for declaratory and mandamus relief in Counts I and II of his complaint.

### B. COUNT VI

In Count VI of his complaint, plaintiff seeks a writ of mandamus compelling the Secretary of State to promulgate rules pursuant to MCL 168.759a(17) regarding the electronic return of voted ballots by overseas military voters. Public Act 197 of 2022 amended MCL 168.759a(13) to provide for the ability of military voters to return absent voter ballots electronically and required the Secretary of State to promulgate rules to provide for the process to do so. MCL 168.759a(17), as amended by 2022 PA 197.

Plaintiff seeks mandamus on the ground that "[t]o date, the Defendant Secretary of State has FAILED to begin to promulgate rules in accordance with the APA to implement MCL 168.759a(17)." Plaintiff further contends that the duties of the Secretary under the statute are ministerial. In support of her claim for relief, the Secretary has presented a November 2022 request for rulemaking using the Department of Licensing and Regulatory Affairs Administrative Rulemaking System.

> MCL 168.759a(13) provides in relevant part for the ability of military voters to return absent voter ballots electronically. MCL 168.759a(17), as amended by 2022 PA 197, requires the Secretary of State to promulgate rules "pursuant to the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328" to facilitate the process of return of voting ballots by these voters. Currently, MCL

-8-

168.759a(17) requires that these rules be promulgated by January 1, 2024: The secretary of state shall promulgate rules that establish policies and procedures for the electronic return of voted ballots by eligible members. In promulgating rules that establish the policies and procedures for the electronic return of voted ballots by eligible members, the secretary of state shall require an eligible member to use a United States Department of Defense verified electronic signature, as that term is defined in [MCL168.18a], so that the identity of the eligible member can be verified utilizing those policies and procedures. A member who is unable or unwilling to provide a United States Department of Defense verified electronic signature is not eligible to electronically return a voted ballot. The secretary of state shall take reasonable steps to ensure the integrity and secrecy of voted ballots returned electronically. The secretary of state may develop and maintain a secure web portal on the secretary of state's website to facilitate the electronic return of voted ballots by eligible members. Only the secretary of state or the secretary of state's duly authorized agent, a city or township clerk, the clerk's deputy clerk, or a sworn member of the clerk's staff is authorized to access the secure web portal on the secretary of state's website. No later than January 1, 2024, the secretary of state shall promulgate rules pursuant to the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328, to implement this subsection, and the secretary of state must allow for the electronic return of voted ballots by eligible members starting no later than the 2024 statewide presidential primary election. As used in this subsection, "eligible member" means a member of a uniformed service on active duty or a member of the merchant marine, as described in subsection (6) or (13).

Following the passage of 2023 Senate Bill 470, MCL 168.759a(17) has been amended by 2023 PA 193 to provide for additional time for the Secretary to act. It now provides that the rules be promulgated by September 1, 2025. However, as with the changes to MCL 168.613a, the changes to MCL 168.759a(17) were not given immediate effect. Thus, unlike the recent changes to MCL 168.613a(1), the current date in MCL 168.759a(17) giving the Secretary until January 1, 2024 to promulgate the rules remains the same, because although the Legislature voted to end its current 2023 legislative session on November 14, 2023 and has adjourned *sine die*, Const 1963, art 4, § 27 will now apply such that the effective date of the changes will not be until February 13, 2024. Thus, the Court will analyze this issue using the current January 1, 2024 date.

At this time, neither party has presented the Court with the complete set of proposed rules. Nor has either party even argued that the complete rules have been proposed. As the Secretary

notes, she has presented a "Request for Rulemaking" to the Michigan Office of Administrative Hearings and Rules. The Court, therefore, agrees with the Secretary that, to the extent that a declaratory ruling is sought to compel the Secretary to begin the rulemaking process, she has done so. Nor is mandamus appropriate where the Secretary has not refused to perform her statutory duties. *Coates*, 120 Mich App at 827.

In his response to the Secretary's motion for summary disposition, plaintiff takes issue with the fact that the Secretary has not yet complied with the requirement of a regulatory impact statement as required under MCL 24.245(3). He also argues that the Secretary has not complied with the Administrative Procedures Act because the Secretary has not yet sent the rules for public comment as required under MCL 24.241. However, the request for rulemaking clearly states that the rules will be promulgated under the full rulemaking process. Although the request also states that the proposed rules have not been submitted to the public for comment, plaintiff has not shown that they will not be submitted once they are promulgated. Nor has plaintiff demonstrated that the Secretary will fail to meet the current deadline. As such, the Court GRANTS summary disposition to the Secretary of State under MCL 2.116(C)(8) with respect to Count VI.

### C. COUNTS III AND IV

Plaintiff argues that the Secretary of State has a clear legal duty under Const 1963, art 11, § 1 and MCL 24.263 to decide the merits and issue a decision on plaintiff's August 28, 2023 request for declaratory ruling related to the qualification or possible disqualification of Donald J. Trump to be a candidate for President of the United States under Section 3 of the Fourteenth Amendment. The Court disagrees.

MCL 24.263 provides:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case.

In terms of the issuance of a writ of mandamus, the permissive language in MCL 24.263 severely undercuts plaintiff's arguments. As discussed above, a writ of mandamus requires a clear legal duty to perform the specific duty sought and that such act is ministerial. *Rental Props Owners Ass'n of Kent Co*, 308 Mich App at 518.

In this case, plaintiff alleges that the Secretary has violated a statutory mandate; i.e., that the Secretary is statutorily required to "issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency" under MCL 24.263. However, the permissive language of MCL 24.263 does not mandate a duty to issue a declaratory ruling under the statute; it leaves the decision to do so in the hands of the agency, here the Secretary of State. This is simply not the case where an "officer charged with a duty to take action in the matter" has failed to do so.

In this way, the permissive language in MCL 24.263 stands in sharp contrast to the mandatory requirements in MCL 168.614a and MCL 168.615a. MCL 168.614a(1) requires:

> Not later than 4 p.m. of the second Friday in November of the year before the presidential election, the secretary of state *shall* issue a list of the individuals generally advocated by the national news media to be potential presidential candidates for each party's nomination by the political parties for which a presidential primary election will be held under section [MCL 168.613a]. The secretary of state *shall* make the list issued under this subsection available to the

-11-

public on an internet website maintained by the department of state. [Emphasis added.][5]

MCL 168.614a(2) provides for the state chairperson of each political party to then file a list of individuals whom they consider to be potential presidential candidates for that party and requires the Secretary to make that list available to the public. MCL 168.615a then requires the Secretary to place the candidates so identified on the presidential primary ballot unless a candidate withdraws. "Except as otherwise provided in this section, the secretary of state *shall* cause the name of a presidential candidate notified by the secretary of state under [MCL 168.614a] to be printed on the appropriate presidential primary ballot for that political party." MCL 168.615a(1) (Emphasis added).

Under those requirements, while the Secretary is mandated to act, she retains discretion as to what media sources to consider when choosing which candidates to list on the notices she provides to the respective political parties under MCL 168.614a. Were the Secretary to choose to not provide such a list, *Teasel* would permit the Court to order that she do so, despite the fact that the exercise of this act necessarily involves the exercise of her discretion. However, these requirements stand in sharp contrast to the permissive language of MCL 24.263.

Further, Michigan courts have repeatedly held that administrative agencies such as the Secretary of State generally do not have the power to determine constitutional questions.

---

[5] The Court notes, at oral argument on November 9, 2023, in this case and Cases 23-000137-MZ and 23-000151-MZ, the attorney for the Secretary of State indicated that, in accordance with the Michigan Court Rules regarding deadlines that fall upon a weekend or legal holiday, the issuance of the list of individuals described in MCL 168.614a(1) would be transmitted on Monday, November 13, 2023, instead of Friday, November 10, 2023, because November 10, 2023, was the state of Michigan holiday in observance of Veteran's Day.

*Bauserman v Unemployment Ins Agency*, 509 Mich 673, 710; 938 NW2d 855 (2022), citing *Dickerson v Warden, Marquette Prison*, 99 Mich App 630, 641-642; 298 NW2d 841 (1980). See also *Dation v Ford Motor Co*, 314 Mich 152, 159; 22 NW2d 252 (1946). Plaintiff points to no statutory authority granted by our Legislature to the Secretary empowering her with any authority to answer. Thus, where the Legislature has not authorized or required the Secretary to determine or confirm whether candidates for president are qualified and eligible to serve, the Court agrees with the Secretary that she has no authority to determine this constitutional question. Plaintiff, therefore, has failed to show that the Secretary has a clear legal duty to decide whether a candidate would be prevented from serving if elected.

Nor are any actions the Secretary of State might choose to take under MCL 24.263 to determine whether a candidate may be placed on the ballot in any way "ministerial." Were the Court to require the Secretary of State to decide whether former President Trump be placed on the primary ballot, the Secretary would then be forced to engage in factual determinations and constitutional interpretation. Such acts are not ministerial but would require the exercise of both discretion and judgment. Thus, plaintiff has not shown that the action taken by the Secretary would be ministerial.

The Court also agrees that the Secretary simply has no administrative process for making the legal or factual determinations that would need to be made concerning the application of Section 3 of the Fourteenth Amendment. As the Secretary notes, there is no statutory vehicle that provides either an individual with the right to initiate such an action administratively or for the participation of the impacted candidate, who would be entitled to due process. See, e.g., *Greene v Raffensberger*, 599 F Supp 3d 1283, 1294-1295 (ND Ga 2022) (discussing the plaintiff's due-

process concerns in a case involving disqualification under Section 3). Plaintiff has also not shown or argued that the Secretary could take testimony in order to resolve these issues.

Plaintiff also argues that to the extent that MCL 168.615a prohibits the Secretary of State from removing a presidential candidate from a presidential primary or general election ballot on the ground that the candidate cannot serve under Section 3 of the Fourteenth Amendment, MCL 168.615a is unconstitutional under Const 1963, art 11, § 1. The Court notes that "[s]tatues are presumed to be constitutional, and a statute is to be construed in a constitutional manner unless the unconstitutionality of the statute is facially obvious." *People v Hrlic*, 277 Mich App 260, 262; 744 NW2d 221 (2007) (quotation and citations omitted).

Const 1963, art 11, § 1 provides:

> All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of ................ according to the best of my ability. No other oath, affirmation, or any religious test shall be required as a qualification for any office or public trust.

Plaintiff's focus on the language of Const 1963, art 11, § 1 is not persuasive. He has not shown that the general obligation in this section for the Secretary of State to support the Constitution specifically equates to a mandatory constitutional duty to decide the qualifications for someone seeking office in Michigan or whether the person can serve if elected. Article 11, § 1 also does not confer such power to do so.

As noted by the Secretary, Const 1963, art 2, § 4(2) specifically provides to the Legislature the power to "enact laws to regulate the time, place and manner of all nominations and elections, to preserve the purity of elections, to preserve the secrecy of the ballot, to guard against abuses of

the elective franchise, and to provide for a system of voter registration and absentee voting." And while the Michigan Court of Appeals has held that the Secretary of State has the "inherent authority to take measures to ensure that voters [are] able to avail themselves of the constitutional rights established" in Const 1963, art 2, § 4, *Davis v Sec'y of State*, 333 Mich App 588, 591, 601; 963 NW2d 653 (2020), nothing in that article supports plaintiff's position that the Secretary has the authority to modify the statutory process of identifying and accepting a slate of presidential candidates to be voted upon at the presidential primary or general election. To the extent that Const 1963, art 11, § 1 generally applies, the Court would still remain constrained by the long-standing Michigan precedent that the Secretary has no power to determine constitutional questions. *Bauserman*, 509 Mich at 710; *Dation*, 314 Mich at 159; *Dickerson*, 99 Mich App at 641-642. Thus, if a specific question exists whether a candidate should be placed on a ballot, it is the Legislature that is tasked with providing statutory guidance to the Secretary, which it has not done.

Because plaintiff has not demonstrated a clear legal duty pursuant to MCL 24.263, that any action taken under the statute would be ministerial, or that MCL 168.615a is unconstitutional, the Court DENIES plaintiff's request for mandamus or a declaration that the Secretary has the duty to decide whether a candidate is precluded from serving pursuant to Section 3 of the Fourteenth Amendment.

### III. CONCLUSION

For each of the reasons discussed above, the Court GRANTS the Secretary of State's motion for summary disposition with respect to Counts I and II of plaintiff's complaint under MCR 2.116(C)(8) as MOOT. The Court GRANTS the Secretary's motion for summary disposition of Count VI under MCR 2.116(C)(8). The Court also DENIES plaintiff's requests for relief with respect to Counts III and IV.

In accordance with the Court's October 31, 2023 scheduling order, Counts V, VII, and VIII of plaintiff's amended complaint are HELD IN ABEYANCE.

This is not a final order and does not close the case.

Date: November 14, 2023

_____
Hon. James Robert Redford
Judge, Court of Claims

